**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENGHUAN ZHAO, | No. 06-73471 |
| Petitioner, | Agency No. A096-349-788 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2011[**]
San Francisco, California

Before: HUG, BEEZER, and HALL,[***] Circuit Judges.

Fenghuan Zhao ("Zhao") is a 50-year old native and citizen of China. Zhao

claims that Chinese authorities have persecuted her because she opposed layoffs

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     Prior to her death, Judge Hall participated fully in the consideration of
the panel and concurred in this disposition.

from a local factory. She seeks asylum, withholding of removal and protection under the United Nations Convention Against Torture ("CAT"). The immigration judge ("IJ") found Zhao to be not credible, and the Board of Immigration Appeals ("BIA") affirmed without opinion.

We have jurisdiction pursuant to 8 U.S.C. § 1252,[1] and we deny Zhao's petition.

Because the BIA summarily affirmed the IJ's determination pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency action. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). Our review of an IJ's adverse credibility findings is deferential. Even if "some of the factors the IJ relied upon are either unsupported or irrelevant, so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the Petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding."

---

[1] An immigrant's "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to [a] question and deprives this court of jurisdiction to hear the matter" even when the BIA streamlines a case. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (internal quotation marks omitted). But Zhao need not mention, let alone elaborate on, her argument in her brief before the BIA so long as she raises the issue in her notice of appeal sufficiently to "'put the BIA on notice' as to the specific issues." *Alvarez Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2001)). While Zhao's papers were not a model of clarity, we conclude contrary to the government's assertions that she has exhausted all issues raised in this appeal.

*Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (internal quotation marks and citation omitted).[2]

The IJ's credibility determination and consequent denial of Zhao's asylum application was supported by substantial evidence. "An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled." *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006). The IJ could reasonably have doubted Zhao's claims that she was persecuted because she objected to being laid off from the factory job she had held for thirty years given that Zhao herself produced credible documentary evidence that she was, in fact, a farmer.

Zhao was entitled to and received a "reasonable opportunity to offer an explanation of [the] perceived inconsistencies that form[ed] the basis of [the] denial of asylum." *Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir. 2003) (internal quotation marks omitted). The IJ was, however, not required on this record to accept the explanation that she offered.

Eligibility for withholding of removal is governed by a "more stringent [standard] than the well-founded fear standard governing asylum." *Al-Harbi v.*

---

[2] Because Zhao filed her application prior to May11, 2005, pre-REAL ID Act standards apply to Zhao's credibility arguments. *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

3

*INS*, 242 F.3d 882, 888-89 (9th Cir. 2001).  Because Zhao failed to show eligibility for asylum, she necessarily failed to show eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Unlike withholding of removal, eligibility for CAT relief is analytically separate from eligibility for asylum.  *See Kamalthas v. INS*, 251 F.3d 1279, 1282-83 (9th Cir. 2001).  But Zhao's claim for CAT relief is based solely on testimony deemed not credible in the asylum context, and she "points to no other evidence that [s]he could claim the BIA should have considered in making its determination under the Convention Against Torture." *Farah*, 348 F.3d at 1157.  We conclude that she has not established that she is eligible for CAT relief because she has produced no credible evidence that she will more likely than not be tortured if she returns to China.

DENIED.